IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ELIZABETH ANN S.,[1] | 2:19-cv-00822-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**KEVIN S. KERR**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR  97293
(503) 255-9092

       Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**KATHRYN A. MILLER**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2240

     Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Elizabeth Ann S. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

### ADMINISTRATIVE HISTORY

On January 5, 2015, Plaintiff protectively filed her application for DIB benefits, and on January 8, 2015, protectively filed her application for SSI benefits.  Tr. 15,

2 - OPINION AND ORDER

199-207.[2]  Plaintiff alleges a disability onset date of July 7, 2014.  Tr. 15, 199, 202.  Plaintiff's application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on December 21, 2017.  Tr. 15, 32-67.  Plaintiff, a medical expert (ME), and a vocational expert (VE) testified at the hearing.  Plaintiff was represented by an attorney at the hearing.

On April 30, 2018, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 15-23.  Plaintiff requested review by the Appeals Council.  On March 22, 2019, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.  Tr. 1-3.  See Sims v. Apfel, 530 U.S. 103, 106-07 (2000).

On May 28, 2019, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on December 12, 1964.  Tr. 199, 202.

---

[2] Citations to the official Transcript of Record (#10) filed by the Commissioner on November 26, 2019, are referred to as "Tr."

3 - OPINION AND ORDER

Plaintiff was 49 years old on her alleged disability onset date. Tr. 79. Plaintiff has at least a high-school education. Tr. 226. Plaintiff has past relevant work experience as an apartment-house manager, commercial cleaner, kitchen supervisor, cook, and cook helper. Tr. 22-23.

Plaintiff alleges disability due to fibromyalgia; neuropathy in hands and feet; diabetes; depression; anxiety; mitral valve prolapse; and knee, back, and shoulder surgeries. Tr. 20, 225.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 20-22.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42

U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of evidence] but less than a preponderance."  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th

Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the

listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since July 7, 2014, Plaintiff's alleged disability onset date. Tr. 17.

At Step Two the ALJ found Plaintiff has the severe impairments of "degenerative joint disease of the left knee, status-post total knee arthroplasty, and degenerative disc disease of the lumbar spine, status-post laminectomies."

Tr. 17.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 18.  The ALJ found Plaintiff has the RFC to perform light work and must be allowed to alternate between sitting and standing every 30 minutes while on task.  Plaintiff cannot crouch, crawl, or climb ladders or scaffolds, but she can occasionally stoop, kneel, and climb ramps and stairs. Plaintiff should avoid all exposure to excessive vibrations and unprotected heights.  Tr. 19.

At Step Four the ALJ concluded Plaintiff is able to perform her past relevant work as an apartment-house manager.  Tr. 22.

Accordingly, the ALJ found Plaintiff is not disabled. Tr. 23.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to provide clear and convincing reasons for discounting the opinion of Michael Henderson, M.D., a consulting physician, and (2) failed to provide germane reasons for discounting the statements of lay witnesses regarding Plaintiff's symptoms and limitations.

9 - OPINION AND ORDER

**I.   The ALJ properly discounted the opinion of Dr. Henderson and provided legally sufficient reasons for doing so.**

Plaintiff contends the ALJ erred when he improperly rejected Dr. Henderson's opinion regarding Plaintiff's limitations.

**A.   Standards**

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability -- the claimant's ability to perform work."  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence."  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Id*.  An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Reddick,* 157 F.3d at 725.  "The ALJ must do more than state conclusions.  He must set forth his own

10 - OPINION AND ORDER

interpretations and explain why they, rather than the doctors', are correct."  *Id.*  (citation omitted).

    **B.  Analysis**

Plaintiff contends Dr. Henderson's finding that Plaintiff had "no severe limitations" related only to Plaintiff's back pain, and Dr. Henderson's finding of other limitations was related to Plaintiff's left-knee arthroplasty supported by his own examination of Plaintiff.

In response the Commissioner contends the ALJ's evaluation of Plaintiff's limitations is supported by other medical evidence in the record, and, therefore, the ALJ properly discounted Dr. Henderson's opinion.

On February 15, 2018, Dr. Henderson, a consultative physician, performed an independent medical examination of Plaintiff.  Tr. 737-46.  Dr. Henderson noted Plaintiff had limited ability to stand, to squat, and to walk due to left-knee pain and was limited to walking one block at a time at a relatively slow pace.  Tr. 739.  He also noted Plaintiff's complaint of back pain, but he stated this seemed to be "less than severe and mechanical in nature" and he did not recommend any functional limitation in this regard.  *Id.*  Dr. Henderson also completed a capacity assessment in conjunction with his

11 - OPINION AND ORDER

examination and indicated Plaintiff could lift and/or carry up to 50 pounds; could only stand for one hour at a time for a total of three hours; could walk only five minutes at a time for a total of 45 minutes; could never climb stairs, ramps, ladders, or scaffolds; and could never kneel, crouch, or crawl. Tr. 741-42, 744.

Dr. Henderson stated the following in his assessment of Plaintiff's back pain:

> Although she does complain of back pain, the history is nonspecific and is not supported or correlate to the imaging findings. Exam also did not show any neurologic findings consistent with the imaging findings. Therefore the pain seems to be less than sever and mechanical in nature. Therefore no functional limitations can be recommended as the findings are not severe. There was weakness with the left hip flexors, but no corroborating evidence is available to interpret the effects.

Tr. 739. Dr. Henderson's reference to "no[] severe" findings related to Plaintiff's back pain. On the check-the-box section of the evaluation form, Dr. Henderson indicated Plaintiff's lifting/carrying and postural limitations related to her "left knee arthroplasty" and "left knee." Tr. 741, 744. Dr. Henderson noted Plaintiff exhibited pain in her left knee, she had left-sided antalgia when walking, exhibited weakness on her entire left lower extremity more proximally than distally, and exhibited mild difficulty when walking. Tr. 738-39.

12 - OPINION AND ORDER

Dr. Henderson also noted an MRI of Plaintiff's lumbar spine in December 2016 showed impingement of the right L4 and L5 nerve root. Tr. 737, 727. Thus, Dr. Henderson's assessment of Plaintiff's limitations is supported by medical evidence in the record together with his own clinical findings.

The ALJ gave Dr. Henderson's opinion "partial weight" on the grounds that Dr. Henderson did not recommend any functional limitations because "there were no severe findings" and there was not any evidence to support Dr. Henderson's assessed limitations on Plaintiff's standing or walking capacity or her inability to perform postural activities. Tr. 22. The ALJ also rejected Dr. Henderson's 50-pound lifting limitation and instead imposed a limitation of lifting 10/20 pounds more consistent with light work. Tr. 22.

The ALJ relied on the opinions of Susan Moner, M.D., and Neal Berner, M.D., state-agency consultants, who found Plaintiff could perform light level work with certain postural and environmental limitations. Tr. 21, 68-89, 92-115. The ALJ gave the opinions of Drs. Moner and Berner "substantial weight," but he included in his assessment of Plaintiff's RFC the added limitation to alternate between sitting and standing/walking every 30 minutes. Tr. 21.

13 - OPINION AND ORDER

The ALJ also relied on the opinion of Lynne Jahnke, M.D., the ME who testified at Plaintiff's hearing. Dr. Jahnke stated although Plaintiff had a history of knee surgeries, there was not a record of ongoing treatment for the two years before the hearing. Tr. 39-40. Dr. Jahnke also noted Plaintiff had some degenerative disc disease of the spine in January 2016, but there was not any indication of associated treatment in the record. *Id.*

On this record the Court concludes the ALJ properly discounted the opinion of Dr. Henderson and provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## II. The ALJ properly discounted the lay-witness statements and provided legally sufficient reasons for doing so.

Plaintiff contends the ALJ erred when he discounted the lay-witness statements of Joe D., Plaintiff's husband; Ashley M., Plaintiff's daughter; and Lisa McCoy, Plaintiff's long-time friend.

### A. Standards

Lay-witness testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,*

14 - OPINION AND ORDER

236 F.3d 503, 511 (9th Cir. 2001). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). Germane reasons for discrediting a lay-witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). *See also Williams v. Astrue*, 493 F. App'x 866 (9th Cir. 2012).

The ALJ is not required, however, "to discuss every witness's testimony on a[n] individualized, witness-by-witness basis. Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

**B.    Analysis**

On February 21, 2015, Joe D., Plaintiff's husband, completed a Third-Party Function Report in which he stated, among other things, that Plaintiff "can't walk or stand a long time." Tr. 256. In an undated letter, Ashley M., Plaintiff's daughter, stated Plaintiff can "barely walk around from the pain

15 - OPINION AND ORDER

she is in." Tr. 326.  In another undated letter, Lisa McCoy, Plaintiff's friend, stated Plaintiff is unable to get out of bed or leave her house some days.  Tr. 327.

The ALJ discounted these statements on the grounds that they were "not particularly informative" and not supported by the medical records.  Tr. 21.  For example, the ALJ noted Joe D.'s statements "simply added or recited [Plaintiff's][3] assertion of disrupted sleep, chronic pain, and instability to walk or stand," which the ALJ had already found were not supported by "significant reports or objective findings."  *Id.*

On this record the Court concludes the ALJ properly discounted the lay-witness testimony and provided germane reasons for doing so.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the

---

[3]  The Court notes Plaintiff did not challenge the ALJ's determination regarding Plaintiff's testimony.

16 - OPINION AND ORDER

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 20th day of May, 2020.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge

17 - OPINION AND ORDER